WILLIAM K. LANCEY *et al. vs.* HENRY K. WHITE, administrator.

Somerset. Decided July 21, 1877.

*Limitations, statute of.*

An action of assumpsit, for the price of goods sold and delivered, commenced more than six years after the cause of action accrued, and more than two years after the administrator against whom it was commenced was appointed, is barred by the provisions of R. S., c. 81, § 88, whether such administrator has given notice of his appointment or not.

The time within which such action must be commenced may be shortened in many cases, if the representative of the deceased debtor gives the legal notice of his appointment; but it cannot be indefinitely prolonged by his failure to give it.

ON REPORT.

ASSUMPSIT against the defendant, as administrator of the estate of Samuel Parker, for lumber sold and delivered to Parker in March, 1868.

Plea, general issue, with brief statement that the cause of action, if any, against the intestate accrued more than six years before the suing out of the plaintiffs' writ, and that the defendant was appointed administrator of the estate of the intestate more than two years before the suing out of the writ, and that the action was barred by the statute of limitations.

It was admitted by the plaintiffs that the cause of action accrued to them in March, 1868 ; that Parker died December 28, 1872 ; that the defendant was duly appointed January 7, 1873 ; that this suit was brought May 19, 1875, and that notice and demand in writing was made on the defendant, as administrator, for payment, March 1, 1875.

The defendant also contested the plaintiffs' right to recover on other grounds, overruled by the presiding justice in instructions not excepted to, and a verdict was returned for the plaintiffs for $660.32.

Upon the foregoing facts it was contended by the defendant that the action was barred by the statute of limitations.

By consent of the parties the case was reported to the full court, upon the foregoing facts, nothing else being admitted or proved by either party. If the action is barred by the statute of limitations in actions against executors and administrators, the verdict is to be set aside and judgment entered for the defendant. Otherwise, judgment on the verdict, for the plaintiffs.

*D. D. Stewart*, for the plaintiffs.

The brief statement does not allege, and the case does not find, that the defendant ever gave any notice of his appointment as administrator. This omission is fatal to the defense. Laws of 1872, c. 85, § 18. R. S., c. 87, §§ 11 and 18. *Bachelder* v. *Fisk et al.*, executors, 17 Mass. 464, 468. *Clarke* v. *Tufts*, 5 Pick. 337, 341. *Burditt* v. *Grew*, 8 Pick. 108, 111. *Estes* v. *Wilkes*, 16 Gray, 363. *Heard* v. *Meader*, 1 Maine, 156, 157. *Thurston* v. *Lowder*, 40 Maine, 197, and 47 Maine, 72, 75. *Henry* v. *Estey*, administrator, 13 Gray, 336. *Thompson* v. *Burnham*, administrator, 13 Gray, 211, 212.

*S. D. Lindsey*, with whom was *S. Coburn*, for the defend-

ant, contended that c. 85 of the laws of 1872 had no application, either in terms or in spirit; that by its terms it was an amendment, not of R. S., c. 81, § 88, upon which the defendant relied, but of R. S., c. 87, which neither as originally enacted nor as amended by the act of 1872, in any way repealed, restricted, limited or modified § 88.

BARROWS, J. The plaintiffs contend that this suit is not barred by the statute of limitations, which was pleaded by way of brief statement, because there is no evidence that the administrator gave notice of his appointment, as required by the statutes, and ordered by the judge of, probate. . They admit that the cause of action accrued in March, 1868; that Parker, the defendant's intestate, died Dec. 28, 1872, almost five years afterwards, and that the defendant was duly appointed administrator, January 7, 1873. The suit was brought May 19, 1875; the written demand upon the administrator, required by R. S., c. 87, § 11, and Laws of 1872, c. 85, § 12, having been made March 1, 1875.

It is obvious that the defendant could not avail himself of the special limitation provided by these sections without making due proof that he gave legal notice of his appointment. He would be expressly precluded by §. 18. But when we look into the brief statement it is plain that this is not the limitation upon which the defendant relies. He pleads that the cause of action, if any there was against his intestate, accrued more than six years before the suing out of the writ, and that he himself was appointed administrator of said intestate's estate more than two years before the commencement of the action, and he claims that the same is barred by the provisions of R. S., c. 81, § 88.

Our legislators have prudently guarded against the litigation of stale claims, as to which it may reasonably be supposed that human memory would be at fault and liable to err, and that papers might be lost, and witnesses absent or dead, by the interposition of various beneficent statute limitations, whereby those who assert rights of action are warned to proceed with reasonable diligence, if they would ever enforce them.

Abundant exceptions are furnished to relieve those who are

absent or under disability. Those who labor under no disadvantage, but neglect or postpone, from whatever motive, the proceedings necessary to test the validity of their claims, have no cause to complain when any of these statute bars which may be found applicable is set up against them.

The several provisions touching this matter are to be construed together, and its due effect given to each, so that they may operate harmoniously to secure the result intended by the legislature in the various classes of cases which they were made to cover.

Besides the provisions of R. S., c. 87, § 11, as amended by c. 85, Laws of 1872, designed to abbreviate, in favor of executors and administrators who give due and legal public notice of their appointment, the term within which most of the actions which survive must be brought, we have in c. 81, § 88, in direct connection with the numerous sections touching the limitation of personal actions, the following: "If any person entitled to bring or liable to any action before mentioned, dies before or within thirty days after the expiration of the time herein limited therefor, and the cause of action survives, the action may be commenced by or against the executor or administrator at any time within two years after his appointment and not afterwards if barred by the other provision hereof."

"The other provision" referred to is made certain by referring to R. S. of 1857, c. 81, § 103, where the phrase is "if barred by the other provisions of this chapter." The section had its origin in the general limitation act, Laws of 1821, c. 62, § 12, where it is emphasized at the conclusion by the addition of the words, "anything which may be supposed herein to the contrary notwithstanding;" and it has reappeared in all the revisions with slight changes having no bearing upon this case, and with an extension of its scope to all actions covered by the limitation act, of which it makes a part, when they survive at all. Its import is unmistakable.

If a creditor permits two continuous years of existing legal administration to elapse without commencing any suit against the administrator, and when he does sue out his writ his suit would be barred against the alleged debtor if living, his action is barred

by virtue of this section, whether the administrator gave public notice of his appointment or not.

Herein is no hardship. The probate records are always open for inspection, and reasonable diligence will enable a creditor before his claim would be barred against his debtor if living, to ascertain whether there has been a legal administration on such debtor's estate existing for two years.

If the next of kin decline to administer, any creditor, if he can find property of his deceased debtor, may have administration committed to some suitable person. If he prefers to await the action of the next of kin or others interested, he still has two years after the appointment of an administrator within which he may proceed, but no more, if his claim would be barred had his debtor remained alive.

As before remarked, the rights of absent creditors or those laboring under any species of disability are carefully protected by exceptions. There is no reason why negligent creditors should have their rights of action indefinitely prolonged by reason of the failure of the representative of the deceased to give the notice, which would enable him in many cases greatly to shorten the term within which such actions must be commenced. To hold that the statute should have that effect would be to reverse its intended operation, and to do away altogether with the plain mandate of § 88, c. 81, of the Revised Statutes.

The case before us is precisely within the purview of this section. The cases cited for plaintiff while they turned upon other provisions do not militate against the doctrine which we here declare.

In conformity with the stipulations in the report the entry must be,

> *Verdict set aside. Judgment for defendant.*

APPLETON, C. J., WALTON, DICKERSON and PETERS, JJ., concurred.

DANFORTH, J., did not sit.